# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Timothy Wallender,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**Wisconsin Central, Ltd.,**<br><br>　　　　　Defendant. | Case No. 1:14-cv-05879<br><br>Honorable Jorge L. Alonzo |

## JOINT STATUS REPORT

Now comes Defendant, Wisconsin Central Ltd. ("Wisconsin Central"), by and through its attorneys, Littler Mendelson, P.C., and Plaintiff Timothy Wallender, by and through his attorneys, William J. McMahon and Hoey & Farina, as their Joint Status Report, state as follows:

1.　　Plaintiff filed his initial claim alleging a violation of the Sarbanes Oxley Act, 18 U.S.C. § 1514A, with OSHA on January 3, 2013 against Canadian National Railway Company ("CNR"), Illinois Central Railroad Company ("ICRR"), Wisconsin Central, Keith Creel ("Creel"), and Andrew Martin ("Martin"). (Feb. 25, 2014 Order from the United States District Court for the Western District of Tennessee (the "Tennessee Order) at 1, attached hereto as Exhibit 1.) OSHA did not issue a final order on his Complaint within 180 days, and Plaintiff elected to bring his claims against all the parties in the United States District Court for the Western District of Tennessee on August 5, 2013, captioned *Wallender v. Canadian National Railway Co., et al.*, Case No. 2:13-cv-02603 (the "Tennessee Action"). (Tennessee Order at 1-2.) He filed an Amended Complaint against all parties on December 3, 2013. (Tennessee Order at 2.)

2.　　Wisconsin Central moved to dismiss it as a party to the Tennessee Action on the basis of Federal Rule 12(b)(2) for lack of personal jurisdiction over Wisconsin Central, and the

Tennessee Court granted the motion on February 25, 2014. (Tennessee Order at 2-3.)

3. Plaintiff continued to pursue his claim against the remaining defendants in the Tennessee Action. Discovery in the Tennessee Action is now closed and Defendants' Motion for Summary Judgment is fully briefed and pending. Trial is set to begin in the Tennessee action on March 16, 2015 in the event summary judgment is not granted.

4. The parties in the Tennessee Action conducted fifteen depositions of fact witnesses and four depositions of expert witnesses, and exchanged thousands of pages of written discovery.

5. Plaintiff filed against Wisconsin Central with the Complaint in the instant action. The allegations in this Complaint are identical to the allegations in Plaintiff's First Amended Complaint filed in the Tennessee Action. (*Compare* [Dkt. #1] *with* Pl.'s 1st Am. Compl. (attached hereto as Exhibit 2).) The non-jurisdictional allegations in this Complaint are also essentially identical to the non-jurisdictional allegations in Plaintiff's Complaint in the Tennessee Action. (*See* Tennessee Compl., attached hereto as Exhibit 3.)

6. Plaintiff has named Wisconsin Central as a Defendant in this matter alleging that after his discharge for misconduct, he was unable to exercise seniority rights he formerly held with Wisconsin Central. (Compl. ¶ 43, WHEREFORE ¶ A.)

7. Most of the discovery in this matter will be duplicative of discovery in the Tennessee Action. It will involve the same witnesses, the same legal theories, and the same documents.

8. Given the overlap between the issues in this action and the pending Tennessee Action, Defendant moved the court to stay the proceedings in this action on August 27, 2014 until the Tennessee Action is resolved in the interests of judicial economy and based on the

potential prejudice or hardship to the parties. Plaintiff did not object to the stay request and the Court granted a stay.

9. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *See Board of Trs. of the Teachers' Ret. Sys. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-6 (N.D. Ill. 2002). In deciding whether to enter such a stay, courts typically consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer Inc. v. Apotex Inc.*, 2009 WL 1657572, at *1 (N.D. Ill. June 12, 2009); *Tap Pharm. Prods., Inc. v. Atrix Labs, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

10. Judicial economy favors a stay in this matter because the legal issues are identical between the two actions. In the event the Defendants in the Tennessee Action prevail on summary judgment, that finding will dispose of Plaintiff's claim against Wisconsin Central. In the event the Plaintiff in the Tennessee Action prevails at trial, this judgment will dispose of Defendant's defenses involving Wisconsin Central.

11. The stay will simplify the issues in question and streamline trial. As noted above, to the extent that either party is successful in the Tennessee Action, it will dispose of the issues in this case. If Plaintiff is successful in the Tennessee Action, the only remaining issue before this Court is Plaintiff's seniority rights and damages, if any, which will substantially simplify the issues in Plaintiff's Complaint.

12. Finally, Defendant argued that a stay will reduce the burdens of litigation on the parties and the Courts. Rather than duplicating the discovery conducted in the Tennessee Action or engaging in motion practice about the proper limits of discovery based on the discovery already conducted in the Tennessee Action, the stay will allow the legal issues in this Complaint to be settled without an additional investment by the parties and the Court in many more depositions, written discovery, and motion practice.

13. The Court granted the stay with the expectation the parties would continue to provide the Court with periodic updates on the status of the Tennessee Action. The parties are in the midst of preparing for trial in the Tennessee Action and continue to request that the Court stay the proceedings in this Action until the Tennessee Action is resolved.

Dated: February 5, 2015

Respectfully submitted,

By: */s/ Wm J McMahon*
William J. McMahon
HOEY & FARINA, P.C
542 S. Dearborn St., Suite 200
Chicago, IL 60605
jfarina@hoeyfarina.com
sgarmisa@hoeyfarina.com
wmcmahon@hoeyfarina.com,

**Attorneys for Plaintiff Timothy Wallender**

Respectfully submitted,

By: */s/ Joseph D. Weiner*
Attorneys for Defendant
Wisconsin Central Ltd.

Joseph D. Weiner (#MN 0389181)
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612.630.1000
hrobbins@littler.com
jweiner@littler.com

Adam C. Wit (ARDC# 06230538)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL  60654
312.372.5520
awit@littler.com

Dated:  February 6, 2014

## CERTIFICATE OF SERVICE

I, Joseph D. Weiner, an attorney, certify that on February 6, 2015, I electronically filed the foregoing ***JOINT STATUS REPORT*** with the Clerk of the Court, using the CM/ECF filing system, which will send electronic notification to the following:

>William J. McMahon
>HOEY & FARINA, P.C.
>542 South Dearborn, Suite 200
>Chicago, IL 60605

>*/s/ Joseph D. Weiner*
>Joseph D. Weiner

Firmwide:131576002.1 046769.1201

-5-

Joint Status Report